## COMMISSIONER OF INTERNAL REVENUE v. HAINES.

### No. 6912.

Circuit Court of Appeals, Third Circuit.

June 14, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, John J. Pringle, Jr., and Joseph M. Jones, Sp. Assts. to Atty. Gen., for petitioner.

C. Russell Phillips and Montgomery & McCracken, all of Philadelphia, Pa., for respondent.

Before DAVIS, BIGGS, and MARIS, Circuit Judges.

DAVIS, Circuit Judge.

In 1934, Mary H. Haines, respondent, paid certain insurance companies $313,419 for three "single premium" life Insurance policies, naming as beneficiaries her four children, Isabella H. Miller, Margaret W. Haines, Robert B. Haines and Charles H. Haines. The policies so purchased had a cash surrender value of $289,324 and a face value of $350,000.

As the respondent did not retain "any of the legal incidents of ownership" to the policies, she filed a gift tax return for that year in which she included the above mentioned policies at their cash surrender value. The commissioner, however, contends that the value of the gift, for purposes of taxation, was not the cash surrender value ($289,324) but the total amount of the premiums paid ($313,419) and, on this basis, determined a deficiency of $1,933.36 in her gift tax return for 1934.

The respondent thereupon appealed to the Board, which sustained her contention that the value of the gift was the cash surrender value of the policies, and filed an order of redetermination holding that there was no deficiency. 37 B.T.A. 1013. The commissioner thereupon appealed.

The question at issue is the value of the gift, the cash surrender value of the policies, or the amount of the premiums paid.

The first gift tax act was enacted in the Revenue Act for 1924, but this was repealed in 1926. Six years later, in the Revenue Act for 1932, a tax was again placed upon gifts. 47 Stat. 169, 245. Under section 506 thereof (47 Stat. 248; 26 U.S.C.A. § 555), it was provided that "if the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift". Article 2(5) of the Treasury Regulations 79 (1932 edition), provided that "the irrevocable assignment of a life insurance policy, or the naming of the beneficiary of a policy without retaining any of the legal incidents of ownership thereof, constitutes a gift in the amount of the net cash surrender value. * * *" The Revenue Acts of 1934, 1935 or 1936 did not make any change in the wording of section 506, supra. Furthermore, Article 2(5) of the Treasury Regulations remained the same in the 1934 and 1935 editions of Treasury Regulations 79. However, in the edition of 1936 the above rule was changed by Article 19(9), which provided that the value of the gift was not "the cash surrender value" of the policies but "the cost of the contract."

In determining the deficiency against the respondent, the commissioner relied not upon the Treasury Regulations as they stood

at the time the gift was made, but as amended in 1936, two years later.

█ In re-enacting section 506 of the Act in 1934 and 1935, Congress must be taken to have approved the administrative construction thereof and to have given Article 2(5) "the force of law". Helvering v. R. J. Reynolds Company, 59 S.Ct. 423, 426, 83 L.Ed. ——, decided January 30, 1939. It was argued in that case that a subsequent amendment of the regulations must be applied retroactively, but the court refused to accept this argument and held that: "Since the legislative approval of existing regulations by reenactment of the statutory provision to which they appertain gives such regulations the force of law, we think that Congress did not intend to authorize the Treasury to repeal the rule of law that existed during the period for which the tax is imposed." The Court further said: "We hold that the respondent's tax liability for the year 1929 is to be determined in conformity to the regulation then in force."

█ This rule of law declared in that case is dispositive of the question here involved and the tax must be assessed on the cash surrender value of the policies at the time the gift was made in accordance with the regulations then in force.

The order of the Board is affirmed.