**HELVERING, Commissioner of Internal Revenue, v. CRONIN.**

**No. 11420.**

Circuit Court of Appeals, Eighth Circuit.

Nov. 1, 1939.

John J. Pringle, Jr., Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Roy K. Dietrich, of Kansas City, Mo. (Alfred N. Gossett and Frank E. Tyler, both of Kansas City, Mo., on the brief), for respondent.

Before THOMAS and VAN VAL-KENBURGH, Circuit Judges, and DEW-EY, District Judge.

THOMAS, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. 37 B. T. A. 914. The order of the Board redetermined the gift taxes imposed upon the taxpayer for the year 1935. The question presented is, What is the value within the meaning of the Revenue Act of 1932, c. 209, 47 Stat. 169, for gift tax purposes of a single premium life insurance policy. Is the value the cost of such a policy on the date of the gift or its cash surrender value? The Board held the value to be the cash surrender value.

The facts were stipulated at the hearing before the Board. On October 2, 1933, the Provident Mutual Life Insurance Company issued to Ernest A. Cronin, the taxpayer, then 61 years of age, two single premium life policies on his own life for $25,000 each. The premium for each policy was $17,259.50. His daughter, Katharine Cronin, was named beneficiary in each policy. The right to change the beneficiary was reserved. On December 26, 1935, Cronin executed an instrument called "Change of Beneficiary and Election of Method of Settlement" in which the daughter or her executors were irrevocably named as beneficiaries and in which he relinquished all rights and incidents of ownership. The insurance company accepted this instrument on December 30, 1935. At that time the cash surrender value of each policy was $16,237.50. This amount was returned by Cronin as the value of each policy in his gift tax return for the calendar year 1935. It was stipulated that the cost to the donor, if he had purchased the policies on the date of the gift, would have been $17,923.25 for each policy. The Commissioner determined that the gift was subject to the gift tax imposed by the Revenue Act of 1932, and he determined a deficiency based upon the difference between the surrender value and what the cost of each policy would have been had it been taken out on the date of the gift, December 30, 1935.

The taxpayer appealed to the Board where the only issue was whether the value of the gift was the cost of the policies as of the date of the gift or their surrender value. The Commissioner contended that cost was the proper measure of value and the taxpayer that surrender value was the measure to be applied. The Board sustained the taxpayer's contention.

Section 506 of the Revenue Act of 1932 provided that, "If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift." U.S.C. Title 26, sec. 555, 26 U.S.C.A. § 555.

Treasury Regulations 79 promulgated in 1933, and in effect at the time the gift was made, provided: "Art. 2(5) The irrevocable assignment of a life insurance policy, or the naming of the beneficiary of a policy without retaining any of the legal incidents of ownership therein, constitutes a gift in the amount of the net cash surrender value, * * *".

This rule remained unchanged in the 1934 and 1935 editions of Treasury Regulations 79. In the 1936 edition the rule was changed to read in Article 19 (9): "The value of the gift is the amount which the company would charge for a single premi-

um contract of the same specified amount on the life of a person of the age of the insured."

If the gift tax is to be computed by the original regulation of 1933, the taxpayer's return was correct; if by the regulation of 1936, the Commissioner is right. If the regulation of 1933 were invalid because inconsistent with the statute, the 1936 regulation would be applicable. Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 135, 56 S.Ct. 397, 80 L.Ed. 528. It is not claimed, however, that the 1933 regulation is invalid. It had the approval of Congress by the reenactment without material change of section 506 of the Revenue Act of 1932 in the Revenue Acts of 1934 and 1935. That regulation, therefore, had the effect of law. Helvering v. Winmill, 305 U.S. 79, 59 S. Ct. 45, 83 L.Ed. 52; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 466, 53 S.Ct. 435, 77 L.Ed. 893; Old Mission Co. v. Helvering, 293 U.S. 289, 293, 294, 55 S.Ct. 158, 79 L.Ed. 367. Since it was in effect on the date of the gift it rules the determination of the value of the policies. The 1936 regulation can not be given retroactive effect. Helvering v. Reynolds Tobacco Co., 306 U.S. 110, 117, 59 S.Ct. 423, 83 L.Ed. 536. See, also, Commissioner v. Haines, 3 Cir., 104 F.2d 854; Blaffer v. Commissioner, 5 Cir., 103 F.2d 489.

The order of the Board is affirmed.