**BROWN v. DEPUTY, Collector of Internal Revenue.**

**No. 13.**

District Court, D. Delaware.
Jan. 4, 1940.

Richards, Layton & Finger, of Wilmington, Del., for plaintiff.

Stewart Lynch, U. S. Atty., of Wilmington, Del., and Edward First, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. to Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on the brief), for defendants.

NIELDS, District Judge.

This action of assumpsit is to recover a gift tax of $16,370.90 with interest in the sum of $1,413.05, totaling $17,783.95 alleged to have been unlawfully assessed against plaintiff upon the transfer of eight single premium life insurance policies to Equitable Trust Company, as trustee, under a trust agreement dated December 13, 1935.

The Revenue Act of 1932, Ch. 209, 47 Stat. 169, as amended by the Revenue Act of 1934, 48 Stat. 680, provides:

"Sec. 501. Imposition of tax

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502 [551], shall be imposed upon the transfer during such calendar year by any individual, resident, or non-resident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether

the gift is direct or indirect, and whether the property is real or personal, tangible or intangible * * *. The tax shall not apply to a transfer made on or before the date of the enactment of this Act [June 6, 1932].

"Sec. 502. Computation of tax

"The tax for each calendar year shall be an amount equal to the excess of—

"(1) a tax, computed in accordance with the Rate Schedule hereinafter set forth, on the aggregate sum of the net gifts for such calendar year and for each of the preceding calendar years, over

"(2) a tax, computed in accordance with the Rate Schedule, on the aggregate sum of the net gifts for each of the preceding calendar years.

### Gift Tax Rate Schedule
*    *    *    *    *    *

"$13,200 upon net gifts of $200,000; and upon net gifts in excess of $200,000 and not in excess of $400,000, 12 per centum in addition of such excess.
*    *    *    *    *    *

"Sec. 504. Net gifts

"(a) General definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505 [554].

"(b) Gifts less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

"Sec. 505. Deductions

"In computing net gifts for any calendar year there shall be allowed as deductions:

"(a) Residents. In the case of a citizen or resident—

"(1) Specific exemption. An exemption of $50,000, less the aggregate of the amounts claimed and allowed as specific exemption for preceding calendar years.

"(2) Charitable, etc., gifts. The amount of all gifts made during such year to or for the use of— * * *

"(B) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual.
*    *    *    *    *    *

"Sec. 506. Gifts made in property

"If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift." 26 U.S.C. A. §§ 550, 551, 553–555.

■ By Section 501 a gift tax is imposed upon transfers in trust of property by way of gift. By section 502 the tax is computed upon net gifts. "Net gifts" means the total amount of gifts made less certain enumerated deductions. One of the deductions authorized is gifts to or for the use of charitable organizations. The tax is not a tax upon the receipt of property by the donee but is a tax upon the transfer of property by the donor. It is "the transfer * * * of property by gift" which is the subject of a tax, not the receipt of property. The tax is upon the exercise of one of the powers incident to ownership, namely, the power to transfer property by way of gift.

The facts are undisputed. The stipulation of the parties states: On December 13, 1935, the plaintiff did assign to Equitable Trust Company in trust eight single premium life insurance policies on his own life having an aggregate face value upon maturity of $825,000. On December 13, 1935 the cash surrender value of the policies was $612,564.68. The cost of similar policies at the then attained age of the plaintiff was $679,484.50.

The trust agreement provides:

"Second: The Trustee shall collect and receive any and all dividends or other income which may be paid upon said policies prior to their maturity and shall, upon maturity of any one or more of said policies from lapse of time or the death of the Insured, collect the principal amount of said policies and invest and reinvest the amount or amounts so collected, and collect the income arising from the investment of such funds and

"(a) During the lifetime of the Insured's wife, Florence H. Brown, shall apply to her use such part or all of the income of the trust, including dividends payable upon any of said policies, as the said Trustee shall, in its sole discretion deem advisable, and shall accumulate and add to the principal of the trust any of the income thereof not so applied to the use of the Insured's

said wife; provided, however, that the Trustee may at any time and from time to time in its sole discretion, apply to the use of Insured's said wife such part or all of any of said accumulated income as it may deem advisable;

"(b) In the event of the death of Insured's said wife during the lifetime of Insured, thereafter and during the remainder of Insured's lifetime, the Trustee shall accumulate all of the income of the trust and add the same to the principal of the trust estate;

"(c) Upon the death of the survivor of Insured and his said wife, the Trustee shall divide, convey, assign, transfer, pay over and deliver the trust estate, including any accumulated income thereof, discharged of this trust, to and among such corporations, trusts, community chests, funds, or foundations, organized and operated exclusively for charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation, and in such proportions respectively, as shall be selected, determined and fixed by a group of three natural persons to be chosen and appointed as hereinafter provided; * * *".

"Fourth: The Trustee may invest and reinvest said trust fund in such securities as it may be deemed suitable for the trust and shall not be restricted to investments of the character known as 'legal investments' under the laws of the State of Delaware, and it shall have and it may exercise all of the rights, privileges, powers, options and elections as to any and all of the insurance policies or securities in the said trust estate which the Insured might or could have exercised if he were then living, and in making investments of said trust estate it may invest in participations in common funds under the exclusive direction, control and management of the Trustee. * * *."

The donor made an absolute assignment of the insurance policies to the trustee. The donor retained no power to revoke, modify or alter the trust in any manner.

It is further stipulated that on December 13, 1935 the plaintiff Harry Fletcher Brown was 68 years of age and Florence H. Brown, plaintiff's wife, was aged 62 years, 6 months and 3 days.

In assessing the gift tax the Commissioner of Internal Revenue valued the eight life insurance policies at $679,484.50, being the estimated replacement cost of similar policies at the then age of the insured. The value of the gift to charity was determined to be $433,152.14, being the discounted value of $679,484.50 at the end of the year of the death of a person aged 63 years.

September 10, 1937, pursuant to a deficiency assessment, plaintiff paid $17,783.95 as a gift tax on the transfer in trust of the life insurance policies. A claim for refund was filed and rejected. Subsequently this suit was brought to recover the full amount of the tax so paid.

The diverse positions of plaintiff and defendant may be thus stated: Plaintiff contends that where a donor has made a complete and absolute gift in trust, the Government must prove the value of the gift to each beneficiary (not a charity) and if this can not be done with certainty no gift tax arises. Defendant contends that where a gift is made in trust which can not be revoked, modified or altered by the donor in any manner, a privilege has been exercised which is subject to tax. The tax is measured by the value of the property so transferred in trust less the provable value of any gift to charity.

In this case plaintiff made an absolute gift in property in trust which he could not revoke, modify or alter. The entire corpus of the trust is payable to charity upon the death of the survivor of plaintiff and his wife. The income of the trust will go to charity if it is accumulated or to the wife if not accumulated. Whether the fund be accumulated or paid to the wife depends upon the discretion of the trustee. The effect of this contingency is not to make the transfer in trust non-taxable. The contingency affects the amount of the charitable deduction. The only question here is the computation as of December 13, 1935 of the charitable deduction.

Gift and estate taxes are correlated. The transfer of property in trust with power reserved to the donor to modify its terms so as to designate new beneficiaries is subject to the estate taxes of the donor. It is proper to construe the gift tax as not reaching such transfers. Here the donor retained no right to revoke, modify or alter the trust in any manner. Nothing like a property right or interest was reserved to plaintiff. A taxable transfer was made. The

transfer is not subject to estate taxes upon plaintiff's death.

■ Plaintiff's assertion in his brief that the trust agreement "requires the trustee to accumulate the income for the benefit of charities" and that "That is the primary obligation imposed upon the trustee" is untenable. The trustee is directed (1) to apply to the wife's use such part or all of the income as the trustee shall in its sole discretion deem advisable and (2) to accumulate and add to the principal of the trust any of the income not applied to the plaintiff's use. It is clearly improper to designate one of these directions as primary. It is admitted the wife had no control over the trust income and could not compel any payment to her. But it is likewise true that the charities were without power to prevent the trustee from paying all the income to the wife.

■ What was the taxpayer's gift to charity on December 13, 1935? To the extent that the value of the gift to charity is ascertainable it must be deducted from the value of the property transferred. The remaining amount is the sum upon which the gift tax should be computed.

The Commissioner of Internal Revenue valued the life insurance policies at $679,-484.50, the cost of similar policies at the then attained age of the insured. This sum was multiplied by $.636 which is the present value of $1 due at the end of the year of death of a person 63 years of age. The resulting figure was $432,152.14. In this the commissioner was in error.

The defendant states in its brief filed in this case: "In view of the decision of the Circuit Court of Appeals for the Third Circuit in Commissioner of Internal Revenue v. Haines, 104 F.2d 854, the defendant will not attempt to support the Commissioner's valuation of the life insurance policies. The value which controls in this circuit is the cash surrender value, namely, $612,564.-68."

■ In computing the gift to charity two fundamental considerations should be borne in mind. No deduction can be claimed for any part of the gift to charity which is so contingent that its value can not be determined from any known data. Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667. The critical date for determining the date of transfer is the date on which the transfer occurred. The deter-

mination must be based upon facts known at that time and not upon facts arising or ascertained thereafter. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647. Here the critical date is December 13, 1935. The value of the life insurance policies transferred on that date was $612,564.68. It was within the power of the trustee to surrender the policies on that day and to receive the proceeds in cash. That sum represents the principal of the estate which ultimately goes to charity. The fact that the principal of the estate might increase or decrease is a fact unknown at the time of the transfer and can not be considered. Whether the income on $612,564.68 would be distributed or accumulated for charity is a contingency which it was impossible to determine or value on December 13, 1935. Therefore, the taxpayer can not claim a deduction for sums which may or may not be paid to charity.

The remaining question is how long will payment of the principal to charity be postponed. To answer this question reference must be made to the terms of the trust. If the husband predeceases the wife, the principal will go to charity upon her death. Thus, the period of postponement in that case is governed by the life of a person sixty-three years of age. The wife's nearest birthday was her sixty-third birthday. The value of $612,564.68 upon the death of a person sixty-three years of age is readily ascertainable by available statistical tables. If the husband survives the wife, $612,564.-68 plus income accumulated thereon until the husband's death will go to charity upon his death. Possible postponement caused by the husband's survival is not a period of postponement that has to be discounted because all income from the time of the wife's death until the husband's death will go to charity. The period of postponement is governed by the life of a person sixty-three years of age. Table 1, Article 19 of Gift Tax Regulations 79 shows that the present value of $1 due at the end of the year of death of a person sixty-three years of age is $.636. Multiplying the known value of the property transferred in trust, i. e., $612,564.68 by the factor $.636, we find the present worth on December 13, 1935 of the gift to charity is $389,591.14. This is the only valuation of the gift to charity on December 13, 1935 which can be determined from the facts known on that day.

The transfer in trust made by the plaintiff on December 13, 1935 was subject to the federal gift tax.

To arrive at "net gifts" within the meaning of the revenue act of 1932, the ascertainable value of the gift to charity on December 13, 1935 must be deducted from the value of the property transferred in trust on that date.

The value of the gift to charity made by the plaintiff is the present worth on December 13, 1935 of the property transferred in trust payable at the end of the year of death of a person sixty-three years of age.

Plaintiff is entitled to the entry of a judgment in his favor after the amount assessed has been corrected upon the basis of the cash surrender value of the policies as defined in this circuit.

Exceptions, if any, may be filed within ten days.