Robert Ian SHERMAN, for himself and as natural guardian for Richard Harry Sherman, a minor son and the Society of Separationists, Inc., Plaintiffs,

v.

COMMUNITY CONSOLIDATED SCHOOL DISTRICT 21 OF WHEELING TOWNSHIP, Lloyd Descarpentrie, School District Superintendent, and Dr. Ferne Garrett, Principal of Riley School, Individually and as representatives of the State of Illinois, and Neil F. Hartigan, Attorney General of the State of Illinois, Defendants.

No. 88 C 9205.

United States District Court, N.D. Illinois, E.D.

Aug. 21, 1990.

Robert Ian Sherman, Buffalo Grove, Ill., pro se.

David Roth, Austin, Tex., and Alan J. Berger, Wauconda, Ill., for plaintiffs.

Marita C. Sullivan, Ill. Atty. Gen.'s Office, and Christopher J. Keith, David W. Ott, Gurion & Lewis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Robert Sherman, on behalf of himself and his minor son Richard, and the Society of Separationists, Inc. ("the Society") filed suit against Community Consolidated School District 21 of Wheeling Township, School District Superintendent Lloyd Descarpentrie, and Principal Ferne Garrett claiming that the daily recital of the Pledge of Allegiance at Richard's public elementary school violates their rights under the First and Fourteenth Amendments. Specifically, because the Shermans and the members of the Society are atheists, they claim that the daily recital of the Pledge, which contains the words "under God", in a public school, pursuant to an Illinois statute[1] is an unconstitutional establishment of religion and violates their rights to free expression and equal protection under the law. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court denied defendants' motion to dismiss, holding that although plaintiffs probably would not prevail on their Establishment Clause claim, the plaintiffs' complaint did state viable Free Exercise and Equal Protection claims.[2]

After the court's ruling, plaintiffs filed a "re-amended" complaint in which plaintiffs added Illinois Attorney General Neil Hartigan as a defendant. Plaintiffs' most recent complaint seeks a declaratory judgment that Ill.Rev.Stat. ch. 122, ¶ 27–3, which provides for daily recital of the Pledge, is unconstitutional and an injunction against its enforcement. Plaintiffs also seek money damages from each defendant for the alleged violation of plaintiffs' constitutional rights and for the alleged emotional distress plaintiffs have suffered. Defendant Hartigan has filed a motion to dismiss the "re-amended" complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] For the following reasons, defendant's motion to dismiss is denied.

## STANDING

Defendant Hartigan argues that plaintiffs' complaint should be dismissed because plaintiffs have not suffered "actual injury redressable by the court" and therefore they do not have standing to maintain their suit. *See Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982), *citing, Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 39, 96 S.Ct. 1917, 1924–25, 48 L.Ed.2d 450 (1976). In its previous opinion in this case, the court examined the Society's standing to bring suit on behalf of its members and found that the original complaint did not sufficiently allege actual or threatened injury of any members other than the Shermans. The court therefore ordered the Society to supplement the amended complaint with factual allegations to support its standing to sue on behalf of

1. Ill.Rev.Stat. ch. 122, ¶ 27–3 provides, "The Pledge of Allegiance shall be recited each school day by pupils in elementary educational institutions supported or maintained in whole or in part by public funds."

2. *See Sherman, et al. v. Community Consolidated School District 21 of Wheeling Township, et al.*, 714 F.Supp. 932, 936–37 (N.D.Ill.1989).

3. The court notes that when ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1), the court "is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the ... court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). Instead, the court will "look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted on the issue in determining whether in fact subject matter jurisdiction exists." *Id.*

its members. In the "re-amended complaint" plaintiffs simply allege that "[t]here are other members of the Society residing in District 21 who are offended by the Districts's practice of enforcing Ill.Rev. Stat. ch. 122, sec. 27–3." Re–Amended Complaint, ¶ 4. The court finds this general allegation does not show any members other than the Shermans have suffered actual or threatened injuries, "other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. III ..." *Valley Forge College*, 454 U.S. at 485, 102 S.Ct. at 765. Therefore, the court holds the Society does not have standing to bring this suit on behalf of its members.

■ Defendant Hartigan argues that the Shermans also have not alleged a concrete injury, apparently basing his argument on the affidavits submitted by defendants Descarpentrie and Garrett and Richard's first grade teacher Marilyn Barden. All three affiants state that Richard Sherman was never punished or threatened with punishment for not participating in the Pledge. However, defendant Hartigan ignores this court's previous statement that "school children are impressionable and often susceptible to social influence" and therefore they may feel coerced to recite the Pledge even if they are not punished or threatened with punishment. *Sherman*, 714 F.Supp. at 936–37. Plaintiffs allege in the re-amended complaint and in Robert Sherman's affidavit that Richard felt compelled to say the Pledge because of the embarrassment and loss of friends he suffered by refusing to participate in a ceremony led by his principal and participated in by all his classmates. *See* Re–Amended Complaint, ¶¶ 8, 11–13, 20 and Affidavit of Robert Sherman, ¶¶ 8, 10. These allegations may not ultimately constitute a violation of plaintiffs' rights under the First and Fourteenth Amendments, but they are sufficient to confer standing on the Shermans to bring this action.

## RIPENESS

■ Defendant Hartigan next argues that plaintiffs' complaint should be dismissed because "plaintiffs' claims are not ripe for adjudication." Defendant Hartigan's Memo. at 6. Again relying on the affidavits stating that no school official has punished Richard for refusing to say the Pledge, defendant Hartigan concludes that "[t]here is no 'threat that the challenged law will be enforced against' any of the plaintiffs." *Id.* This again ignores plaintiffs' claim that defendants' leading of the Pledge, pursuant to the statute, is a means of compelling recitation of the Pledge. This argument, even if it does not ultimately prevail, shows plaintiffs' claims are ripe for adjudication.

## ABSTENTION

■ Finally, defendant Hartigan argues that this court should abstain from adjudicating plaintiffs' claims because the statute at issue has not been interpreted by any Illinois court and a ruling by an Illinois court may modify or moot the constitutional issue plaintiffs pose. However, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order of the parties to repair to the State court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). "The paradigm of the 'special circumstances' that makes abstention appropriate is a case where the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question." *Babbitt v. United Farm Workers*, 442 U.S. 289, 306, 99 S.Ct. 2301, 2313, 60 L.Ed.2d 895 (1979).

Defendant Hartigan maintains that this case is appropriate for abstention because "an Illinois Court could very well determine that the statutory provision is simply

*not* mandatory, thereby avoiding a resolution of the constitutional questions plaintiffs raise." Defendant Hartigan's Memo. at 13. The court disagrees that such a ruling by an Illinois court would obviate the need to decide the constitutional question posed by plaintiffs. According to the affidavits submitted by defendants, the statute currently is being applied in a non-mandatory way. Defendants are not openly forcing Richard Sherman to stand, recite or participate in the Pledge. Yet, as the court has noted several times, plaintiffs maintain that having the Pledge led by the principal daily is inherently coercive and therefore violative of plaintiffs' rights. Thus, even if an Illinois court interprets the statute to exempt children who cannot say the Pledge for religious or political reasons, the court would still have to resolve the question of whether school officials' leading of the Pledge, pursuant to the statute, results in unconstitutional coercion. Because abstention would not avoid the necessity of reaching the constitutional issue and would simply add delay to a case that has already been pending for almost two years, the court will not abstain from deciding plaintiffs' claims.

### CONCLUSION

 For the aforementioned reasons, defendant Hartigan's motion to dismiss is denied.[4] A status hearing will be held on September 11, 1990 at 9:30 a.m.

---

4. The court notes that in finding plaintiffs' allegations of coercion sufficient to defeat defendant's motion to dismiss, the court construed plaintiffs' pro se complaint and affidavit quite liberally. *See Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988) (pro se complaints must be read liberally). However, when the court considers the parties' summary judgment motions, vague allegations of coercion, unsupported by competent affidavits, will not be sufficient to create a genuine issue of material fact. *See* Federal Rule of Civil Procedure 56(e). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court did not issue a ruling on the summary judgment motions already filed because the court wishes to have all the summary judgment motions before it in order to decide them simultaneously. Therefore, the court orders defendant Hartigan to file a summary judgment motion by August 31, 1990. Plaintiffs' response is due September 10, 1990 and defendant's reply is due September 17, 1990.