James E. **HESTER**

v.

S. W. **MELIDOSIAN**, Manager, Veterans Administration Center, Philadelphia, Penna.

Civ. A. No. 39413.

United States District Court
E. D. Pennsylvania.

Dec. 12, 1966.

James E. Hester, pro se.

Drew J. T. O'Keefe, U. S. Atty., Harold S. O'Brian, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff is currently pursuing administrative remedies within the Veterans' Administration ("V. A.") in an effort to obtain disability compensation benefits which he claims are due him. He has brought this suit under the general mandamus provisions of the Judicial Code, 28 U.S.C. § 1361, to obtain documents and records from the V. A.'s files which he says he needs to prosecute his claim. Defendant has moved to dismiss under F.R.Civ.P. 12(b).[1] However, since defendant has filed an affidavit in support of his motion, we will treat it as one for summary judgment under F.R.Civ.P. 56.

It appears from the allegations of the complaint and the affidavit filed of record on behalf of the defendant that the Administrator has furnished to plaintiff's counsel certain documents in the V. A.'s files but has refused to transmit "copies of official ratings and correspondence with elements of the Veterans' Administration, other government agencies, or persons other than Mr. Hester." Plaintiff asserts that under Section 3301 (1) of Title 38 U.S.C. he is entitled to any and all documents that appear or that exist in his V. A. file. That section provides:

"All files, records, reports, and other papers and documents pertaining to any claim under any of the laws administered by the Veterans' Administration shall be confidential and privileged, and no disclosure thereof shall be made except as follows:

(1) To a claimant or his duly authorized agent or representative as to matters concerning himself alone

when, in the judgment of the Administrator, such disclosure would not be injurious to the physical or mental health of the claimant. * * *"

The V. A. does not suggest that complete disclosure was refused because it would be injurious to plaintiff's physical or mental health.

■ Thus, the precise question presented is: absent a determination by the Administrator that disclosure would be injurious to the veteran's physical or mental health, is the claimant entitled to see his complete V. A. file as a matter of right? Of course, if disclosure is left to the discretion of the Administrator, plaintiff cannot succeed, for mandamus will only lie to compel the performance of a ministerial act, and cannot be used to regulate the exercise of discretion. Whittier v. Emmet, 108 U.S.App.D.C. 191, 281 F.2d 24 (1960), cert. den. 364 U.S. 935, 81 S.Ct. 380, 5 L.Ed.2d 367 (1961); Smith v. United States, 333 F. 2d 70 (C.A.10, 1966).

We have found no case deciding the exact question posed. But there are nonetheless clear guidelines. Since November 1, 1948 there has been in force a Veterans' Administration Regulation governing the release of information to a veteran:

"Information *may* be disclosed to a veteran * * * as to matters concerning himself alone when such disclosure would not be injurious to the physical or mental health of the person on whose behalf the information is sought." (38 C.F.R. § 1.503). (Emphasis supplied.)

Undoubtedly, the Regulation speaks in permissive, and not mandatory terms.

■ The present § 3301(1) of Title 38, upon which plaintiff relies, is a re-enactment of § 3201(1) of Title 38, 1952 Ed., Supp. V. The House Report by Congressman Teague (85th Cong. 2d

---

1. The written motion was based on asserted lack of jurisdiction. F.R.Civ.P. 12(b) (1). However, both parties in their briefs and oral argument treated the motion also as one based upon failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b) (6).

Session, Report No. 1298) states that the Act of September 2, 1958 (the present codification) "is basically a restatement of existing law." Thus, with a long-standing administrative construction extant, which had been given wide dissemination in the Code of Federal Regulations, Congress chose in 1958 to re-enact without change its previous legislation on the subject. "Under the established rule Congress must be taken to have approved the administrative construction and thereby to have given it the force of law." Helvering v. R. J. Reynolds Tobacco Company, 306 U.S. 110, 115, 59 S.Ct. 423, 426, 83 L.Ed. 536 (1939). See Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340 (1940); Commissioner of Internal Revenue v. Haines, 104 F.2d 854 (C.A.3, 1939); Flowers v. United States, 230 F. Supp. 747 (W.D.Okl.1964).

■ Quite clearly, the Regulation is discretionary and permissive by its terms. Equally clearly, by its re-enactment without change from previous legislation, Congress adopted as law the administrative interpretation. It follows that § 3301(1) is not mandatory; rather, disclosure under its provisions rests within the discretion of the Administrator. Mandamus, then, will not lie to control the exercise of that discretion.

■ The conclusion we have reached is consonant with what appears to be the basic Congressional philosophy in dealing with veterans' benefits. The entire statutory scheme manifests an intention to repose in the Administrator wide powers of discretion, reaching their apex in § 211 of Title 38:

" * * * [T]he decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

We cannot believe that when Congress saw fit to make the Administrator the final and irrevocable repository of the ultimate substantive rights of claimants, without judicial review, it nevertheless intended to remove from his discretionary power a more or less minor phase of administrative function,—the determination of what documents should be disclosed. Our conclusion in this regard is fortified by the fact that disclosure or non-disclosure is relatively unimportant. No harm can be suffered and no advantage gained by the veteran either way, for, in any event, the evaluating authority has before it (or him) the entire file, whether the claimant has it or not. And since, in any event, the decision of the Administrator is final, possession of the record cannot aid the claimant, nor can non-possession prejudice him. Thus, in the pursuit of claimed benefits, no purpose can be served by making subject to judicial review the refusal of the Administrator to open certain selected portions of the file to unfettered inspection by the veteran. On the other hand, a legitimate governmental aim,—the untrammeled intra-agency exchange of information,—is furthered. The policy balance is clear: the absence of any useful purpose or prejudicial harm by discretionary disclosure against the possible detriment to administrative functioning by mandatory disclosure.

The foregoing reasons of policy and logic merely buttress our conclusion that Congress purposefully re-enacted § 3301 (1) of Title 38 without change, encrusting upon it, with force of law, the V. A. Regulation (38 C.F.R. § 1.503) which makes clear that release of documents in its files is discretionary.

The motion to dismiss will be treated as a motion for summary judgment, and as such the motion will be GRANTED.

It is so ordered.