**GRAFON CORPORATION,**
Plaintiff-Appellant,

v.

**Elmer P. HAUSERMANN and Marten C. Hausermann, Defendants-Appellees.**

No. 79–1114.

United States Court of Appeals,
Seventh Circuit.

Argued June 5, 1979.

Decided July 24, 1979.

Rehearing and Rehearing En Banc
Denied Aug. 20, 1979.

Charles F. Pigott, Jr., Chicago, Ill., for plaintiff-appellant.

Robert F. Van Epps, Elmhurst, Ill., for defendants-appellees.

Before PELL and SPRECHER, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

The district court dismissed the complaint of plaintiff-appellant Grafon Corporation (Grafon) for lack of subject matter jurisdiction. Because we find that Grafon submitted competent proof of an actual, justiciable controversy between itself and defendants-appellees Elmer P. and Marten C. Hausermann (Hausermanns), over the validity of the Hausermann patents, we reverse and remand this action which seeks a declaratory judgment of patent invalidity.

The record demonstrates that on August 16, 1971 Grafon entered into the first[1] of two agreements with the Hausermanns whereby Grafon obtained exclusive patent rights pertaining to the manufacture and use of abrading machines. In exchange for these patent rights Grafon undertook to make royalty payments to the Hausermanns. The record further shows that during the term of the patent license agreements Grafon discovered evidence of prior art which, in its opinion, rendered the Hausermann patents invalid. After several discussions between the parties on the matter, including Grafon's transmittal of the prior art patents to the Hausermanns, Grafon ceased making royalty payments under the licensing agreements. The Hausermanns then terminated the agreements on April 18, 1977, and Grafon reassigned all rights in the patents to the Hausermanns.

The record further shows that after the termination of the license agreements Grafon continued to make and sell abrading machines covered by the Hausermann patents. After termination the Hausermanns began the business of selling abrading machines in competition with Grafon.

On December 15, 1977 Grafon instituted this action against the Hausermanns seeking, as far as is relevant to this appeal, a declaratory judgment that the patents which formed the basis of the agreements were invalid and that Grafon was not infringing and had not infringed the Hausermann patents. The complaint asserted that the Hausermanns had alleged that Grafon was infringing the patents, and further asserted that the Hausermanns continued to demand that Grafon discontinue manufacturing, using, and selling any apparatus which infringed the patents. After answering the complaint, the Hausermanns instituted an action against Grafon in the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois, seeking royalty payments for a period of time prior to the termination of the license agreements, and seeking to enforce by injunction a non-competition provision of the agreements.

Upon motion of the defendants the district court dismissed the complaint for lack of subject matter jurisdiction, concluding as a matter of law on the basis of the materials submitted on the motion to dismiss that plaintiff Grafon did not have a reasonable apprehension of liability for infringement or contributory infringement. Thereafter Grafon moved for a new trial and alteration of judgment pursuant to Rule 59, F.R.C.P., submitting affidavits in support of the motion. The district court reviewed its dismissal order in light of the affidavits and counter-affidavits, and denied the motion.

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. The 1971 agreement pertained to United States patent rights. On March 28, 1972 Grafon entered into a similar agreement with the Hausermanns pertaining to corresponding patent rights and applications in foreign countries. Both agreements were amended in February, 1975 with respect to royalty payments.

■ We begin our inquiry by noting that the "actual controversy" requirement of the Declaratory Judgment Act, 28 U.S.C. § 2201, is a jurisdictional prerequisite of constitutional dimension. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937). In the instant case Grafon alleged in its complaint that the Hausermanns had charged it with infringing their patents. Generally such an allegation is sufficient to satisfy the "actual controversy" requirement of the Declaratory Judgment Act and renders the action justiciable. *See Walker Process Equipment, Inc.,* 356 F.2d 449 (7th Cir.), *cert. denied,* 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966). But the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction [2] where a party properly [3] raises a factual question concerning the jurisdiction of the district court to proceed with the action. The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Gibbs v. Buck,* 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3rd Cir. 1977). We are aware that in some cases the party opposing the motion to dismiss for lack of subject matter jurisdiction may be unable to carry his burden of adducing facts establishing jurisdiction to the satisfaction of the district court, as, for example, a failure to establish the requisite jurisdictional amount, diverse citizenship, or exhaustion of other remedies. We are likewise aware that in a far greater number of cases the facts presented in support of and in opposition to such a motion may present a substantial factual controversy, the resolution of which requires the district court to weigh the conflicting evidence in arriving at the factual predicate upon which to base the legal conclusion that subject matter jurisdiction either exists or does not. In cases where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); [4] *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

■ In this case Grafon was required to respond to the Hausermanns' motion to dismiss by providing to the district court competent proof that an actual controversy existed between itself and the Hausermanns. An actual controversy exists in the context of an action seeking a declaratory judgment of patent invalidity if the plaintiff discloses "conduct on the part of the defendant that makes reasonable the plaintiff's apprehension that it will face an infringement suit or the threat of one if it commences or continues the activity in question." *Super Products Corp. v. D P Way Corp.,* 546 F.2d 748, 753 (7th Cir. 1976); *Sticker Industrial Supply Corp. v. Blaw-Knox Co.,* 367 F.2d 744, 747 (7th Cir. 1966).[5] Plaintiff's belief in the imminence of a real

2. *Cf. e. g., McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (factual inquiry into jurisdictional amount); *Gilbert v. David,* 235 U.S. 561, 568, 35 S.Ct. 164, 59 L.Ed. 360 (1915) (factual inquiry into citizenship).

3. In the instant case defendants raised the question of the district court's jurisdiction both by denying in their answer the jurisdictional allegations of the complaint and by moving to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R.C.P.

4. The Court in *McNutt* also said: "And where [the allegations of jurisdictional facts] are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." 298 U.S. at 189, 56 S.Ct. at 785.

5. *See also: Muller v. Olin Mathieson Chemical Corporation,* 404 F.2d 501, 504 (2d Cir. 1968); *Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co.,* 376 F.2d 1015, 1018 (6th Cir. 1967); *Thiokol Chemical Corp. v. Burlington Industries, Inc.,* 319 F.Supp. 218, 221 (D.Del.1970), *affirmed,* 448 F.2d 1328 (3rd Cir. 1971).

or threatened infringement suit need not be the product of an express charge by the defendant of patent infringement; an implied charge, or a course of conduct on the part of the defendant which would cause a reasonable man to fear that he or his customers face an infringement suit or the threat of one is sufficient. *Sherwood Medical Industries, Inc. v. Deknatel, Inc.*, 512 F.2d 724, 727–28 (8th Cir. 1975).

In opposition to defendants' motion to dismiss Grafon submitted several affidavits to the district court. The affidavit of Grafon's president sets forth that after termination of the licensing agreements the defendants contacted Grafon customers and potential customers notifying them that Grafon no longer had any rights under the Hausermann patents and that only the Hausermanns, who were in competition with Grafon, could grant a license. As a result, the affidavit continues, several Grafon customers and potential customers contacted Grafon and expressed serious concern about a patent infringement action being brought against them, and thereafter declined to place orders with Grafon. An affidavit of Grafon's manufacturers' representative establishes a specific incident during the relevant time period in which a Grafon customer refused to place an order for an abrading machine with Grafon because the customer feared a patent infringement suit by the Hausermanns, who had contacted the customer.

Grafon also submitted in support of its Rule 59 motion the affidavit of Clifford Craig, an engineering supervisor for Eaton Corporation. Craig stated in the affidavit that in May, 1977 he placed a purchase order for a Grafon abrading machine and that a few weeks later he was telephoned by defendant Marten Hausermann, who told him that Grafon could not legally supply the machine or its process technology. In the conversation Hausermann told Craig that he hoped Eaton Corporation would not be hurt by acquiring a Grafon machine,

that the Hausermanns were seeking an injunction to prohibit Grafon from producing abrading machines, that Grafon might not be able to deliver the machine Eaton Corporation had ordered, and that the company might not be able to use the machine without a license under the Hausermann patents. Craig's affidavit concludes by stating that he called Grafon to determine the status of the order, and that he advised Eaton Corporation's patent counsel of the Hausermann telephone call.

■ We conclude on the basis of these affidavits that Grafon met its burden of bringing forth competent proof of an actual controversy, and that the district court erred in reaching a contrary result. The affidavits submitted by Grafon establish that defendants engaged in a course of conduct and dealing upon which Grafon and Grafon's customers could reasonably fear a patent infringement action or the threat of one.

In reaching a conclusion contrary to ours the district court found that defendants' actions amounted to no more than cautioning possible patent infringers—a circumstance deemed insufficient to create a viable charge of infringement necessary to sustain the actual controversy requirement of a declaratory judgment action in *Walker Process Equipment, Inc. v. FMC Corporation*, 356 F.2d 449 (7th Cir.), *cert. denied*, 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966). Viewing the requirement of a charge of infringement liberally,[6] we find that defendants' conduct goes much farther than cautioning possible infringers and is tantamount to at least an implied charge of infringement against plaintiff and its customers.

For the foregoing reasons the judgment of the district court dismissing this action is reversed, and the case is remanded for further proceedings.

REVERSED AND REMANDED.

---

6. *See:* 6A Moore's Federal Practice ¶ 57.20, p. 57–212; *Sherwood Medical Industries, Inc. v. Deknatel, Inc.*, 512 F.2d 724, 727 (8th Cir. 1975); *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 439 F.2d 871, 874 (1st Cir. 1971); *Muller v. Olin Mathieson Chemical Corporation*, 404 F.2d 501, 504 (2d Cir. 1968).