George L. **WERNER,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 91–234.

United States Court of Veterans Appeals.

March 10, 1992.

Before FARLEY, Associate Judge.

ORDER

On December 18, 1991, appellant filed his brief. On January 21, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for an extension of time in which to file his brief. On February 4, 1992, the Secretary did not file a brief but rather moved that the case be remanded to the Board of Veterans' Appeals (BVA or Board) for further proceedings in accordance with this Court's decision in *Gardner v. Derwinski*, 1 Vet.App. 584 (1991). On February 21, 1992, appellant filed a response in opposition to the Secretary's motion.

In *Gardner*, the Court found that 38 C.F.R. § 3.358(c)(3), which required either accident or fault on the part of the Department of Veterans Affairs (VA) for the veteran to receive compensation for increased disability for any aggravation or injury resulting from treatment at a VA facility, to be in direct conflict with 38 U.S.C. § 1151, the statutory provision that the regulation supposedly implemented. The Court, therefore, held the regulation to be unlawful as exceeding the Secretary's authority and a violation of the statutory rights granted to veterans by Congress. *Gardner*, 1 Vet.App. at 588. In the instant appeal, the BVA relied upon § 3.358(c)(3) to deny appellant's claim for benefits.

Appellant opposes a remand under the Secretary's "broad" terms and requests the case be remanded with specific instructions to the agency of original jurisdiction. Alternatively, appellant requests that the Court deny the Secretary's motion and order the Secretary to file a brief on the merits. Appellant asserts that while the Secretary has asked for a remand to permit the BVA the opportunity to comply with *Gardner*, the BVA's current policy actually is to suspend adjudication of all claims involving a denial of service connection under 38 C.F.R. § 3.358(c)(3). In support of his argument, appellant has appended to his response a copy of a memorandum dated December 2, 1991, from a VA Regional Office, entitled, "Interim Instructions Based on *Gardner v. Derwinski*". Appellant argues that a remand as suggested by the vague language of the Secretary's motion will further delay a just resolution of appellant's claim. Moreover, appellant argues that unlike *Gardner*, where the case was remanded with instruction to determine causation, in this case, the VA has already conceded that appellant's disability was incurred during the course of his treatment at a VA medical center. Consequently, he argues that the only remaining ac-

tion to be performed is the determination of the appropriate percentage rating for appellant's additional disability, and the Secretary's remand motion does not guarantee that such action will occur.

The BVA's decision of January 3, 1991, must be vacated and the matter remanded to permit the BVA to consider, and if warranted, apply the law set forth in *Gardner*. *Gardner* is a precedential decision of this Court and, where applicable, must be applied. That is a task which must be performed "in the first instance ... by the Board." *Tobler v. Derwinski*, 2 Vet.App. 8, at 10 (1991). Moreover, specific remand instructions are not required. "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). If necessary for a full and complete adjudication, the BVA already is authorized and obligated to remand the claim to the Regional Office. *See* 38 C.F.R. § 19.182(a); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

While the BVA is obligated to follow applicable decisions of this Court in resolving claims, it may refrain from deciding claims until appellate review is complete. " 'During the interim before [the VA] has sought review ..., it would be reasonable for the Board to stay its proceedings in another case that arguably falls within the precedent of the first one.' " *Tobler*, at 12, quoting *Ithaca College v. NLRB*, 623 F.2d 224, 228 (2d Cir. 1980), *cert. denied*, 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980). However, any such delays must be "reasonable" and appellants are not without a remedy in the case of an "unreasonable delay". *See Erspamer v. Derwinski*, 1 Vet.App. 3 (1990).

Upon consideration of the arguments raised in appellant's brief, his response to the Secretary's motion for remand and the record on appeal, it is

ORDERED that the Secretary's motion for remand is granted and the BVA decision of January 3, 1991, is vacated and the

matter is remanded to the BVA for readjudication in compliance with this Court's decisions.