**Billy A. JUSTICE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1162.**

United States Court of Veterans Appeals.

Aug. 25, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On April 10, 1992, the Court issued an order denying the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance and remanding the record to the Board of Veterans' Appeals (Board) for "prompt" readjudication in light of the Court's opinion in *Gardner v. Derwinski*, 1 Vet.App. 584 (1991). The Court retained jurisdiction and ordered the Secretary to inform the Court, not later than 90 days after the date of that order, as to the status of the readjudication proceedings.

On July 7, 1992, the Secretary submitted a motion for modification or vacation of the Court's order, and for a stay of further proceedings. The Secretary stated that the Court's opinion in *Gardner* is currently on appeal to the United States Court of Appeals for the Federal Circuit, and that, pursuant to a suggestion in this Court's opinion in *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991), the Department of Veterans Affairs (VA) has instituted a department-wide policy of holding in abeyance all cases which are likely to fall within the precedent of *Gardner*, including the present case. The Secretary asserts that the interests of the uniform administration of justice favor holding such cases in abeyance pending the outcome in *Gardner*, and that "the imposition of a deadline requiring 'prompt' adjudication of the case at bar is inconsistent with the Court's approach in the vast majority of appeals involving remand for readjudication in light of *Gardner*." Mot. at 4–5. He therefore requests that the Court either vacate its April 10, 1992, order, or modify it by deleting the requirements that the readjudication on remand be "prompt" and that the Secretary inform the Court within 90 days after the date of that order as to the status of the proceedings on remand.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is denied. The Court's direction that readjudication on remand be "prompt" does not invalidate the Secretary's stay of all post-*Gardner* proceedings pending the Federal Circuit's disposition of the Secretary's appeal there. Because there is a reasonable basis for staying the proceedings here, prompt readjudication of the remanded claim following the Federal Circuit's decision in *Gardner* will be in compliance with the Court's order. Moreover, the Court's 90–day reporting requirement did not in any way impair VA's policy of staying *Gardner*-type cases. By his July 7, 1992, motion, stating that remand proceedings are being held in abeyance pending the outcome of *Gardner*, the Secretary has satisfactorily complied with that reporting requirement. It is further

ORDERED that the Secretary, not later than 90 days after the date of this order, inform the Court as to the status of proceedings on remand in this case.