Elizabeth HELFGOTT, Individually and on Behalf of Edwin Helfgott, Plaintiff,

v.

The UNITED STATES of America; the Department of Veterans Affairs; James Holloway; and William H. Thompson, Defendants.

Civ. A. No. 1:93–cv–153(Br)(R).

United States District Court,
S.D. Mississippi,
Southern Division.

Sept. 29, 1994.

328

Robert O. Homes, Jr., Gulfport, MS, for plaintiff.

Donald M. Waits, Asst. U.S. Atty., Biloxi, MS, for defendants.

### MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on defendant the United States of America (USA)'s motion to dismiss or, in the alternative, for summary judgment. Having carefully considered the motion, the response thereto, the memoranda and supporting documents, the Court finds as follows:

This action is brought by Elizabeth Helfgott individually and on behalf of her husband, Edwin Helfgott, for whom she has been appointed guardian, against the USA, the Department of Veterans Affairs (VA), and VA employees James Holloway and William H. Thompson. The plaintiff contends that VA laws and regulations require the VA to make a decision on a claim for veterans' benefits for injuries resulting from an automobile accident which occurred December

15, 1989, while he was under the care of the VA mental hospital in Gulfport, Mississippi.

The Helfgotts filed a claim with the VA on or about April 21, 1987, for partial disability benefits in connection with Mr. Helfgott's military service in France during the 1960's. During the course of the proceedings, the Helfgotts raised a second claim for benefits, under 38 U.S.C. § 1151, in connection with the 1989 automobile accident, which they allege resulted from the negligence of VA employees.

On February 9, 1993, the Helfgotts were notified by a letter from the VA regional office in Jackson that the VA had

> reviewed this claim and [had] determined that the evidence is not sufficient for a grant of benefits under the present criteria of law. However, the criteria for entitlement under this law are currently under review, and we are unable to enter a final decision at this time due to a moratorium imposed by the Department of Veteran Affairs Central Office in Washington, D.C. The final decision on this claim is therefore still pending. We do not know when the moratorium will be lifted. Since final decision is still pending, an appeal cannot be filed at this time.

The plaintiff filed the present action before this Court on April 1, 1993. This action does not involve Helfgott's first claim, only the second. The complaint seeks a writ of mandamus to compel the VA to "discharge [its] duties to Plaintiff regarding his claim" and "a judgment in Plaintiff's favor ... awarding Plaintiff the VA benefits to which she and her husband ... are entitled." The plaintiff asks for actual damages, attorney's fees, penalties, and interest. Edwin Helfgott has died since the time the complaint was filed.

On July 1, 1994, the Board of Veterans' Appeals (BVA) issued a decision on Helfgott's claims. The BVA remanded Helfgott's original claim to the VA office in Jackson with instructions to make further investigation and findings. As for the second claim, the BVA did not address the claim since the "VA is deferring action on claims under [38 U.S.C. § 1151] pending a decision by the United States Supreme Court." It is this deferring of action that the plaintiff challenges in the present litigation before this Court.

### Sovereign Immunity

In the instant case, suit is brought against the USA and the VA, and two individuals employed by the VA. Sovereign immunity cannot be avoided by suing individual Federal departments, such as the VA. *See, e.g., Shelton v. United States Customs Service,* 565 F.2d 1140, 1141 (9th Cir.1977) *(per curiam ).* Although an action may nominally be brought against a Federal official, it is considered as brought against the sovereign where, as here, the judgment sought would expend itself on the public treasury or domain, interfere with the public administration, or restrain the Government from acting or compel it to act. *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1052–53, 10 L.Ed.2d 191 (1963) *(per curiam );* *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 687–88, 69 S.Ct. 1457, 1460–61, 93 L.Ed. 1628 (1949).

The plaintiff has cited no waiver of sovereign immunity applicable to this action. Title 28 U.S.C. § 1361, the mandamus statute, is not a general waiver of sovereign immunity. *See Bobula v. United States Dep't of Justice,* 970 F.2d 854, 860 (Fed.Cir. 1992). Title 28 U.S.C. § 1331, cited by the plaintiff as a basis for jurisdiction, confers jurisdiction on United States district courts for actions involving federal questions, civil actions arising under the Constitution, laws or treaties of the United States. It does not, in itself, provide a waiver of sovereign immunity. *See Lonsdale v. United States,* 919 F.2d 1440, 1443 (10th Cir.1990).

In addition, Congress has not authorized an action against the Department of Veterans Affairs in its own name. An agency of the Federal government may not be sued directly unless Congress explicitly authorizes such suit, or does so impliedly because the agency is the offspring of an otherwise suable entity. *See Colorado v. Veterans Admin.,* 430 F.Supp. 551 (D.Colo.1977), *aff'd,* 602 F.2d 926 (10th Cir.1979), *cert. denied,*

444 U.S. 1014, 100 S.Ct. 663, 62 L.Ed.2d 643 (1980).

## Appellate Review

■ The Veterans' Judicial Review Act (VJRA), enacted in 1988, provides a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions; however, the VJRA vests exclusive jurisdiction in the United States Court of Veterans Appeals (CVA), not the United States district courts. Title 38 U.S.C. § 511 precludes district court review of VA benefit decisions. *See also* 38 U.S.C. § 7261. The plaintiffs argue that, as a matter of fact, Edwin Helfgott was injured "as a direct result of the VA's negligence." This is precisely the type of issue appealable only to the CVA. *See* 38 U.S.C. §§ 7261, 7291.

Section 511 precludes not only review of the final benefit determination made by the VA, but also review of "all questions of law and fact necessary to a decision of the Secretary [of Veterans Affairs].... [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed ... by any court, whether by an action in the nature of mandamus or otherwise." In this case, the Secretary has made a decision that the plaintiff's § 1151 claim cannot be adjudicated until ongoing litigation to determine the validity of a VA regulation under § 1151 is determined, and the plaintiff has been notified of this decision.

The Secretary's decision that no adjudicative decision may be issued until the validity of the regulation governing the adjudication is determined is a question of law "necessary to a decision by the Secretary under a law that affects the provision of benefits" and this Court lacks subject-matter jurisdiction to review "any such decision." *See Devine v. Cleland,* 616 F.2d 1080 (9th Cir.1980) (mandamus available only where complaint challenges constitutionality of veterans' benefit legislation).

By lodging review of agency action, including "action of the Secretary unlawfully withheld or unreasonably delayed," (§ 7261(a)(2)) in the CVA, Congress has manifested a clear intent that the CVA exercise sole jurisdiction over review of all VA benefits determina-tions, including actions seeking to compel the VA to make a decision.

## Mandamus

Although the Fifth Circuit has held that 28 U.S.C. § 1361 "waives, for some purposes, the sovereign immunity of the United States," (*McClain v. Panama Canal Comm'n,* 834 F.2d 452, 454 (5th Cir.1987)), the present action does not meet the criteria established in *McClain.* The Fifth Circuit held that "the classic function of mandamus" was, as properly employed in *McClain,* "to require the Commission to take jurisdiction, not to dictate the results of its jurisdiction, and to perform a nondiscretionary duty imposed on it by law." *Id.* at 454.

In *Drake v. Panama Canal Comm'n,* 907 F.2d 532 (5th Cir.1990), the Fifth Circuit has further explained the waiver of sovereign immunity under § 1361, stating: "In ruling that mandamus jurisdiction existed, allowing plaintiff a forum in federal court, we found that plaintiff sought only to require the Commission to perform its duty by taking subject matter jurisdiction over her claim, rather than 'to dictate the results' of that assertion of jurisdiction." *Id.* at 534. In *Drake,* the Court found that no mandamus jurisdiction existed where "[t]he relief appellants seek by mandamus is not to require the Commission to exercise its jurisdiction to decide their claims or otherwise to perform a ministerial duty imposed on it by law; rather, appellants seek in essence to require the Commission to alter its decision on the merits of the claim." *Id.*

The plaintiff is not requesting this Court to order the VA to perform a ministerial duty such as accepting a claim, reviewing a claim, or processing a claim. Instead, the plaintiff seeks to obtain from this Court an order that the VA alter its decision that Mr. Helfgott's claim is not warranted at present, as well as its decision to defer a final determination on the claim until a pending appeal involving § 1151 is decided.

■ The Fifth Circuit has also held that 28 U.S.C. § 1361 confers subject matter jurisdiction and waives sovereign immunity where a plaintiff sues to compel a federal

agency to perform a duty owed to the plaintiff. *See Huffstutler v. Bergland,* 607 F.2d 1090 (5th Cir.1979); *Beale v. Blount,* 461 F.2d 1133 (5th Cir.1972). Such jurisdiction is conferred only where three elements exist: (1) the plaintiff must have a clear right to the relief; (2) the defendant must have a clear duty to act; and (3) no other adequate relief must be available. *McClain,* 834 F.2d at 455; *Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132, 1141 (5th Cir.1980); *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.1980).

▮▮▮ Jurisdiction under § 1361 is proper "only to command an official to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park, Inc. v. Reich,* 853 F.Supp. 906, 915 (E.D.Va.1994). In the case *sub judice,* the plaintiff has not identified any statute, regulation or precedent which classifies issuance of a final benefits determination in an individual claim as a ministerial duty. The plaintiff has not identified any authority to suggest that an agency may not, in the exercise of its discretion, suspend actions or adjudications which may be affected by ongoing litigation, nor is the Court aware that any such authority exists.

The United States Court of Veterans Appeals (CVA) has, in several decisions, indicated that the VA's stay of claims which would be denied under § 1151 is reasonable. *See, e.g., Justice v. Derwinski,* 3 Vet.App. 164 (1992); *Werner v. Derwinski,* 3 Vet.App. 37, 39 (1992); *Tobler v. Derwinski,* 2 Vet.App. 265 (1992). Thus, the plaintiff cannot establish that she has a clear right to the relief requested, nor can she establish that the defendants have a "clear duty" to act, in the face of statements by the CVA indicating that the VA's course of action is reasonable.

▮▮▮ Even if this Court had mandamus jurisdiction, the plaintiff has not demonstrated "extraordinary circumstances" justifying such relief. *See, e.g., Public Utility Comm'r of Oregon v. Bonneville Power Admin.,* 767 F.2d 622 (9th Cir.1985) (circumstances to justify interference with non-final agency action must be truly extraordinary); *In re Monroe Communications Corp.,* 840 F.2d 942 (D.C.Cir.1988) (five-year delay in agency ac-

tion not so great as to be subject to mandamus); *Erspamer v. Derwinski,* 1 Vet.App. 3 (1990) (writ of mandamus not issued where claim had been in adjudication process for ten years). The plaintiffs have not identified any statute, regulation, or judicial precedent that clearly limits the time within which the VA must issue a final decision on the plaintiff's claim. In the case *sub judice,* the Secretary is awaiting a decision in *Gardner v. Derwinski,* 1 Vet.App. 584, *aff'd sub nom. Gardner v. Brown,* 5 F.3d 1456 (Fed.Cir. 1993), *cert. granted* —— U.S. ——, 114 S.Ct. 1396, 128 L.Ed.2d 69 (1994). Oral argument before the Supreme Court has been scheduled for October 31, 1994. The length of time determined to be appropriate for an administrative adjudication is clearly a discretionary, not a ministerial, decision of the agency, and mandamus cannot be used to regulate the exercise of discretion. *See Hester v. Melidosian,* 261 F.Supp. 659 (1966). Further, any review of the delay lies with the CVA, not this Court.

In *Werner v. Derwinski,* 3 Vet.App. 37, 39 (1992), the CVA held that "[w]hile the BVA is obligated to follow applicable decisions of [the CVA] in resolving claims, it may refrain from deciding claims until appellate review is complete." *See also Tobler v. Derwinski,* 2 Vet.App. 8, 14 (1991); *Justice v. Derwinski,* 3 Vet.App. 164, 165 (1992) (department-wide policy of holding in abeyance cases likely to fall within precedent of *Gardner* does not conflict with CVA order to readjudicate such cases promptly following the Federal Circuit's decision).

### Conclusion

The Court lacks subject matter jurisdiction of the plaintiff's claims. Sovereign immunity applies to all defendants. There is no general waiver of sovereign immunity applicable to this action. Although sovereign immunity has specifically been waived for purposes of judicial review of VA benefit decisions, subject matter jurisdiction lies with the CVA, not this Court. Although sovereign immunity has specifically been waived in certain mandamus actions, this case does not meet the criteria established by the Fifth Circuit. The plaintiff's complaint does not challenge

the constitutionality of veterans' benefit legislation. Instead, the complaint seeks appellate review of the VA's decision that Mr. Helfgott's claim is not warranted at present, as well as its decision to defer a final determination on the claim until a pending appeal involving an agency regulation under § 1151 is decided. Under the circumstances of this case, exclusive subject matter jurisdiction lies with the CVA, not this Court. The defendant's motion to dismiss is well-taken pursuant to Fed.R.Civ.P. 12(b)(1), and shall be granted. Accordingly,

IT IS HEREBY ORDERED that the defendant United States of America's motion to dismiss is GRANTED, and that the plaintiff's complaint be dismissed with prejudice as to all defendants. Counsel for the USA shall prepare and submit an appropriate judgment of dismissal within ten (10) days from date of entry of this opinion and order.

SO ORDERED.