[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-12521
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61976-CV-JIC

LAVON LAMAR HEATH,

                                        Plaintiff-Appellant,

        versus

ASST. U.S. ATTORNEY,
ASST. STATE ATTORNEY,
STATE ATTORNEY'S OFFICE, 15th
Judicial Circuit,
U.S. ATTORNEY'S OFFICE,
Southern District of Florida,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
**(December 21, 2006)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Lavon Lamar Heath, proceeding pro se, appeals the dismissal of his complaint, filed under 42 U.S.C. § 1983, which the district court construed as a petition for writ of mandamus under 28 U.S.C. § 1361, for lack of subject-matter jurisdiction under 28 U.S.C. § 1361. Heath is currently serving a federal sentence based on convictions stemming from his involvement in a drug distribution operation. We set out the facts underlying his convictions in our resolution of Heath and other co-defendants' direct appeal, United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998). Heath filed this complaint seeking disclosure of the dates on which the state court sealed the wiretap recordings, the contents of which were used at his criminal trial, in order to determine whether they were sealed "immediately" pursuant to 18 U.S.C. § 2518(8)(a). On appeal, Heath challenges that district court's finding that the federal defendants did not have a clear duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to provide the requested information.[1] For the reasons set forth more fully below, we affirm.

We review the district court's determination of whether it has mandamus

---

[1] Heath does not challenge the district court's finding that it could not grant mandamus relief against the state defendants. He has therefore abandoned this issue. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

jurisdiction de novo.  See Lifestar Ambulance Service, Inc. v. United States, 365

F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

> "The test for jurisdiction is whether mandamus would be an appropriate means of relief."  Jones v. Alexander, 609 F.2d 778, 781 (5th Cir.1980).  Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) "no other adequate remedy [is] available."  Id.  Put another way, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).  "In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction."  Jones, 609 F.2d at 781.

Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (alteration in original).

Section 2518(8)(a) requires that, "[i]mmediately upon the expiration of the

period of the order [authorizing or approving the interception of wire, oral, or

electronic communications], or extensions thereof, such recordings shall be made

available to the judge issuing such order and sealed under his directions."  18

U.S.C. § 2518(8)(a).  The statute further requires, as a prerequisite to testimony

concerning the content of the intercepted communications or evidence derived

therefrom,"[t]he presence of the seal provided for by this subsection, or a

satisfactory explanation for the absence thereof . . . ."  Id. (cross-referencing 18

U.S.C.A. § 2517(3)).  A recording is sealed in accordance with the immediacy

3

requirement of § 2518(8)(a) if it is sealed within one or two days of the expiration of the period of the order. United States v. Matthews, 431 F.3d 1296, 1307 (11th Cir. 2005), cert. denied, 127 S.Ct. 46 (2006). To the extent that Heath asserts an independent duty of disclosure under § 2518(8)(a), we hold that, under the terms of the statute, Heath does not have a clear right to the information and the government does not have a clear duty to disclose that information to Heath.

Under Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Grossman v. McDonough, 466 F.3d 1325, 1341 (11th Cir. 2006) (quoting Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97) (quotation marks omitted). The prosecutor's duty applies even where there has been no request by the accused and extends to impeachment evidence as well as exculpatory evidence. Grossman, 466 F.3d at 1341. "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Id. at 1341-42 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)). In other words, "the materiality standard for Brady claims is met when 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" Banks v. Dretke, 540 U.S. 668, 698,

4

124 S.Ct. 1256, 1276, 157 L.Ed.2d 1166 (2004) (citation omitted).

For the purposes of this appeal, we assume, without deciding, that the prosecutor's duty under Brady requires disclosure of material exculpatory information after completion of an initial habeas corpus proceeding and that information relevant only to suppression of evidence on legal grounds comes within the scope of Brady. However, Heath cannot show a clear duty under Brady in his case. In a case considering the denial of a post-trial motion for discovery we stated:

> The rule regarding exculpatory evidence announced in Brady applies after trial when it is discovered that the prosecution had material information of which the defense was unaware. United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In United States v. Quinn, 123 F.3d 1415 (11th Cir.1997), we held that the government was not required to disclose the contents of personnel files or submit them for in camera review simply based on the defendant's unsupported contention that they might contain information of significance to his case. Id. at 1421-22. We declined to order discovery based upon mere speculation as to whether the material would contain exculpatory evidence because to do so would "convert Brady into a discovery device and impose an undue burden upon the district court." Id. at 1422 (quotation marks and citation omitted).

United States v. Arias-Izquierdo, 449 F.3d 1168, 1189 (11th Cir.), cert. denied, 127 S.Ct. 521 (2006) and pet. for cert. filed, (U.S. Nov. 13, 2006) (No. 06-7829).

Heath, by his own admission, is merely speculating as to whether the requested information will show that the recordings were not sealed immediately.

5

As a result, we hold that the government does not have a clear duty to act, pursuant to <u>Brady</u>, which would permit the grant of mandamus relief.

In light of the foregoing, the district court's dismissal of Heath's complaint is **AFFIRMED.**