# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-20749
Summary Calendar

MANUEL SERJIO BANUELOS AMAYA,

Petitioner – Appellant

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CV-4130

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Manuel Serjio Banuelos Amaya appeals the denial of his motion filed pursuant to Federal Rule of Civil Procedure 60(b)(4) that challenges a removal order.  Amaya also seeks a stay of deportation and a writ of mandamus.

The district court construed Amaya's motion as seeking relief from its judgment dismissing the case without prejudice for failure to prosecute, and denied the motion as untimely.  Though styled as a motion seeking relief from judgment pursuant to Rule 60(b), Amaya sought relief from the removal order,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not the district court's judgment. Therefore, his motion was in substance an attack on the removal order.

A district court lacks jurisdiction over a pleading attacking a removal order. *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005); 8 U.S.C. § 1252(a)(5). We will not entertain Amaya's repetitive Rule 60(b) motion. *Cf. United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993).

Amaya's motion for a stay of deportation is also denied. "[A] petition for review filed with an appropriate court of appeals . . . [is] the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). Although we have authority to stay a removal order pending consideration of a petition for review of a removal order, *see Nken v. Holder*, 129 S. Ct. 1749, 1756-57 (2009), Amaya has not filed a petition for review with this court.

Because the district court lacks jurisdiction to provide the relief Amaya seeks, his petition for a writ of mandamus is denied. *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

APPEAL DISMISSED; MOTION DENIED; MANDAMUS PETITION DENIED.