[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2011
JOHN LEY
CLERK

_____

No. 10-14387
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cv-00487-HLA-TEM

CHARLES THOMAS STEVENS,
in propria persona,

Plaintiff-Appellant,

versus

KEN COLT,
official capacity as an employee/Revenue Officer,
a.k.a. K. Colt,
JOHN HOOPES,
official capacity as an employee/Revenue Officer,
JOHN 1-10 DOES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Charles Thomas Stevens, proceeding *pro se*, appeals the district court's dismissal of his mandamus petition, which sought to compel Internal Revenue Service (IRS) Agents Ken Colt and John Hoopes to provide documents supporting the Agents' authority to file liens and levies on Stevens' assets.  On appeal, Stevens contends the district court's dismissal of his petition was improper because the district court had mandamus jurisdiction pursuant to 28 U.S.C. § 1361. Further, Stevens claims the district court erred in finding that the prohibitions in the Anti-Injunction Act and federal tax exception in the Declaratory Judgment Act barred his suit because his petition did not seek injunctive or declaratory relief. After review, we affirm the district court's order.[1]

To invoke mandamus jurisdiction, "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).  Further, the Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  Section 7421 bars not only suits that

---

[1]Mandamus jurisdiction is a question of law subject to de novo review. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004).

directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS actions "which are intended to or may culminate in the assessment or collection of taxes." *Kemlon Prods. and Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds*, 646 F.2d 223 (5th Cir. 1981) (quotation omitted). A complementary provision is found in the Declaratory Judgment Act, which does not permit declaratory judgments in suits "with respect to Federal taxes." 28 U.S.C. § 2201(a). Because the federal tax exception in the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act, a determination that the Anti-Injunction Act applies also forecloses declaratory relief. *Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003).

Stevens failed to demonstrate entitlement to mandamus relief sufficient to sustain mandamus jurisdiction.[2] Specifically, he failed to identify a clear, non-discretionary duty owed by Colt and Hoopes to provide Stevens with documents supporting the notices of lien and levy. *See Jones*, 609 F.2d at 781. Moreover,

---

[2]We note that the district court erred by initially concluding Fed. R. Civ. P. 81(b) prohibited mandamus relief. Although Rule 81(b) abolished the writ of mandamus, the All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Further, it is well-established that 28 U.S.C. § 1361 confers original jurisdiction over claims for mandamus relief and waives sovereign immunity for this type of action. *Sheehan v. Army and Air Force Exch. Serv.*, 619 F.2d 1132, 1140 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 728 (1982).

the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), provided an alternative avenue of relief, as it authorizes judicial review of an agency decision to withhold agency records. Lastly, the Anti-Injunction Act barred Stevens' suit because his petition contests the validity of the notices of tax lien and levy, which are IRS actions that will culminate in the collection of taxes. *See Kemlon Prods. and Dev. Co.,* 638 F.2d at 1320. Declaratory relief is similarly foreclosed. *See Mobile Republican Assembly*, 353 F.3d at 1362 n.6. Accordingly, we affirm the district court's dismissal of Stevens' mandamus petition.

**AFFIRMED.**