# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

No. 12-50745
Summary Calendar

Lyle W. Cayce
Clerk

TRACY NIXON,

Plaintiff-Appellant

v.

ATTORNEY GENERAL OF THE STATE OF TEXAS, Greg Abbott,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-232

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tracy Nixon, proceeding *pro se* and *in forma pauperis*, filed a complaint in federal district court seeking review of a Texas state court's refusal to enter a default judgment in the amount of $100,000,000 in connection with a child support dispute. Concluding that it lacked subject-matter jurisdiction, and the case met the abstention criteria listed in *Younger v. Harris*, 401 U.S. 37, 53 (1971), the district court dismissed the complaint as frivolous pursuant to its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

screening authority under 28 U.S.C. § 1915(e)(2)(B).  We review for abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

The district court properly determined that it lacked diversity jurisdiction under 28 U.S.C. § 1332: Nixon alleges in his complaint that he resides in Dallas, Texas, and that the defendant resides in Austin, Texas.

The district court properly determined that it lacked federal question jurisdiction under 28 U.S.C. § 1331.  "The Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).  No other basis for federal jurisdiction is apparent.  The complaint states that "[t]he federal question relates to civil practice and remedies code chapter 39.002."  The complaint does not elaborate how a state statute addressing default judgments—Texas Civil Practice and Remedies Code Chapter 39.002—gives rise to a federal question.  In response to the district court's instruction to state more clearly the legal basis for his suit, Nixon reiterated that he was challenging the state court's ruling on the basis of state law, and supported his claim with citations to Texas state court decisions and rules of civil procedure.

Having concluded that the district court did not abuse its discretion in dismissing the complaint for lack of subject-matter jurisdiction, we do not address the district court's alternative grounds for dismissal.

Nixon's appeal is DISMISSED as frivolous, 5th Cir. R. 42.2, and his motion on appeal for a preliminary injunction is DENIED.