# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-50070
Summary Calendar

Henry Jones,

*Petitioner—Appellant*,

*versus*

Thomas Bergami, *Warden*; United States of America,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-132

Before Higginbotham, Graves, and Ho, *Circuit Judges*.
Per Curiam:*

Henry Jones appeals the district court's denial of his pro se petition seeking relief under the All Writs Act, 28 U.S.C. § 1651(a). On behalf of himself and David Lopez, another federal prisoner, he also has filed in this court a motion seeking compassionate release reductions in sentence based

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50070

on their underlying medical conditions and the COVID-19 pandemic. Lopez is not a party in this appeal. Moreover, we cannot rule on a compassionate release motion in the first instance. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, that motion is DENIED.

The authority to issue writs of mandamus derives from the All Writs Act, which grants federal courts the power to issue all writs in aid of their jurisdiction. § 1651(a); *In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019). The federal mandamus statute, 28 U.S.C. § 1361, gives "district courts . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain mandamus, "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

In the district court, Jones asserted that the warden of the La Tuna Federal Correctional Institution failed to adequately address the risk of harm that the COVID-19 pandemic posed to inmates. He sought a writ of mandamus directing the Bureau of Prisons to take certain measures to mitigate those risks.

On appeal, Jones alleges that the district court intentionally misconstrued his claims so it could deny his petition and avoid addressing his complaints. However, the record refutes that assertion. The district court did not err in determining that Jones failed to show that his right to the writ was clear and indisputable and that he had no other adequate avenues of relief. *See Jones*, 609 F.2d at 781. Moreover, Jones has not shown any abuse of discretion in the district court's determination that granting a writ of mandamus was not appropriate given the circumstances.

The district court's judgment is AFFIRMED.